UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD OLIVA, | ) |
| | ) |
| | ) Case No. 1:14-cv-06447 |
| Plaintiff, | ) |
| | ) Judge Elaine E. Bucklo |
| BLATT, HASESMILLER, | ) Mag. Judge Jeffrey T. Gilbert |
| LEIBSKER & MOORE, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, RONALD OLIVA ("Plaintiff"), by and through his counsel, Sulaiman Law Group, Ltd., responding to BLATT, HASENMILLER, LEIBSKER & MOORE, LLC's ("BHLM") Motion For Summary Judgment as follows:

**INTRODUCTION**

The facts in this case are simple and relatively undisputed. BHLM filed a debt collection case ("collection case") against Plaintiff in Cook County's First Municipal District, a district in which Plaintiff neither resides nor signed the underlying contract. By doing so, BHLM violated the Fair Debt Collection Practices Act's ("FDCPA") venue provision, which requires that a debt collector sue a consumer in the judicial district or similar legal entity in which he resides or signed the underlying contract. 15 U.S.C. §1692i(a)(2). "The venue provision of the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor." *Blakemore* v. *Pekay*, 895 F.Supp. 972, 978 (N.D. Ill. 1995). Section 1692i(a)(2) creates a statutory tort which is completed upon the filing of an action in an improper venue. *Oglesby* v. *Rotche*, 1993 WL 460841, at *10 (N.D. Ill. 1993). BHLM's Motion for Summary Judgment ("BHLM's Motion") is nothing more than a diatribe expressing disdain for

1

existing binding precedent. Not only does BHLM's Motion ignore controlling Supreme Court authority, but also ignores a recent Seventh Circuit Court of Appeals decision.

The heart of this case is the Seventh Circuit's ruling in *Suesz v. Med-1 Solutions,* 757 F.3d 636 (7th Cir. 2014). On July 3, 2014, the Seventh Circuit held that the term "judicial district or similar legal entity" in the FDCPA's venue provision is the smallest geographical area that is relevant for determining venue in the court system in which the case is filed. *Id.* at 645. In doing so, the *Suesz* court expressly overruled its prior holding in *Newsom v. Friedman,* 76 F.3d 813 (7th Cir. 1996), which had a much broader definition of the term "judicial district or similar legal entity." *Id.* at 638. Specifically, *Newsom* held that Cook County was a "judicial district" for purposes of the FDCPA. Thus, a debt collector could bring legal action against a consumer in any of Cook County's municipal districts, regardless of the municipal district the consumer resided. *Newsom,* 76 F.3d at 819. Notwithstanding its prior ruling in *Newsom,* the *Suesz* court applied its narrower interpretation of "judicial district or similar legal entity" retroactively. *Suesz,* 757 F.3d at 649-50. BHLM now asks this Court to ignore the retroactive application mandated by *Suesz* and grant summary judgment in its favor. Specifically, BHLM asserts that its reliance on *Newsom* avails it to the bona fide error defense, which if established, would defeat Plaintiff's claims. For the reasons stated below, BHLM is not entitled to the bona fide error defense and its Motion must be denied as a matter of law.

### LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). The Court must draw all reasonable inferences in favor of

the nonmovant. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir.2001). "In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.*, 2007 WL 781726, at *7 (N.D. Ill. 2007). "Summary judgment is not appropriate 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Finally, the Court is "not required to draw every conceivable inference from the record." *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003).

## ARGUMENT

BHLM's Motion contends that it is entitled to summary judgment because its filing of the collection case in an improper venue resulted from a bona fide error. BHLM is mistaken; it is not entitled to the bona fide error defense.

### I. BHLM's Bona Fide Error Defense Fails as a Matter of Law

Section 1692k(c) of the FDCPA, the bona fide error provision, states:

> A debt collector may not be liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. §1692k(c).

To establish the bona fide error defense, the defendant must demonstrate that: 1) the error was made in good faith; 2) the presumed violation must relate to the bona fide error; and 3) there must be procedures employed reasonably adapted to avoid such error. *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). Here, BHLM asserts that any violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. (*BHLM Mot.* pgs. 7-14.) BHLM asserts that when it filed the collection case against Plaintiff, it was following the

3

FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Newsom*, and thus it meets the three elements necessary to establish a bona fide error as set forth in *Kort*. *Id.* However, whether BHLM relied on *Newsom* in good faith is irrelevant, a mistaken interpretation of the law is not a bona fide error.

### a. A Mistaken Interpretation of the Law is Not a Bona Fide Error
#### i. Supreme Court's Ruling in *Jerman v. Carlisle* is Binding

BHLM asserts that its reliance on *Newsom* entitles it to the bona fide error defense because it meets the elements set forth in *Kort*. However, BHLM's entire bona fide error defense ignores the Supreme Court's holding in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010). In *Jerman,* the plaintiff brought suit under the FDCPA seeking redress for violations of §1692g(a) of the FDCPA, which requires debt collectors to advise debtors of their right to dispute the debt before assuming the debt valid. *Id.* at 573. The debt collector in *Jerman* did send the plaintiff the required notice, but falsely stated that the debtor's dispute must be in writing. *Id.* At the time the debt collector sent the required notice, there was a division of authority on whether the debtor's dispute must be in writing. *Id.* As such, the debt collector asserted the bona fide error defense. *Id.* The District Court in *Jerman,* acknowledging the split of authority, granted summary judgment in favor of the debt collector, finding that the bona fide error defense is not limited to clerical or factual errors, but extends to mistakes of law. *Id.* The plaintiff appealed the District Court's ruling to the Sixth Circuit Court of Appeals, which ultimately affirmed the District Court's ruling. *Id.* The plaintiff then appealed the Sixth Circuit Court of Appeals' ruling to the Supreme Court.

The Supreme Court held that the "bona fide error defense in §1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of the statute." *Id.* at 605. *See also Diaz v. Kubler Corp.*, 2013 WL 6038344 (S.D.

4

Cal. 2013*)*; *Nielson v. Dickerson*, 307 F.3d 623 (7th Cir. 2002); *Backer v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *New v. Gemini Capital Group*, 859 F.Supp.2d 990 (S.D. Fla. 2012); *Register v. Reiner & Bendett, PC*, 488 F.Supp. 2d 143 (D. Conn. 2008*); Patzka v. Viterbo College*, 917 F.Supp. 654 (W.D. Wis. 1996). Specifically, the *Jerman* court addressed "the question whether the 'bona fide error' defense in §1692k(c) applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirement of the FDCPA." *Jerman*, 559 U.S. at 576. The Supreme Court concluded that "it does not." *Id*. The Court declined to adopt an expansive reading of §1692k(c) as it would be in conflict of the long recognized "common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Id*. at 582. The Court, in coming to its ruling, held that Congress did not "confine FDCPA liability to 'willful' violations, a term more often understood in the civil context to exclude mistakes of law." *Id.* at 574. The Court further noted that the bona fide error defense "also more naturally evokes procedures to avoid mistakes like clerical and factual errors." *Id.* The Supreme Court stated:

> "[W]hen Congress has intended to provide a mistake-of-law defense to civil liability, it has often done so more explicitly than here. In particular the FTC Act's administrative-penalty provisions--which, as noted above, Congress expressly incorporated into the FDCPA--apply only when a debt collector acts with 'actual knowledge or knowledge fairly implied on the basis of objective circumstances' that its action was 'prohibited by the FDCPA.' Given the absence of similar language in §1692k(c), it is a fair inference that Congress chose to permit injured consumers to recover actual damages, costs, fees, and modest statutory damages for 'intentional' conduct, including violations resulting from mistaken interpretation of the FDCPA, while reserving more onerous penalties of the FTC Act for debt collectors whose intentional actions also reflected 'knowledge fairly implied on the basis of objective circumstances' that conduct was prohibited." *Id.* at 584-585.

Simply put, had Congress intended to include legal errors in the bona fide error defense, it would have expressly done so. *Id.* at 574-75.

Here, BHLM's bona fide error defense is solely based on its reliance on the Seventh Circuit's decision in *Newsom*. BHLM's reliance on *Newsom* is nothing more, at its core, than a mistaken interpretation of the legal requirements of the FDCPA, which the Supreme Court in *Jerman* held is not a bona fide error. BHLM asserts that any violation of the FDCPA was not intentional and the error, if any, was made in good faith, thus holding it liable would ignore "fundamental fairness and due process." *BHLM Mot*. pg. 3. BHLM is mistaken. It is undisputed that BHLM intended to file the collection case in the First Municipal District. Whether BHLM intended to violate the FDCPA is irrelevant to the inquiry at hand as the FDCPA is a strict liability statute. *Ruth v. Triumph Partnerships,* 577 F.3d 790, 800 (7th Cir. 2009) (finding that a collector's actions need not be deliberate, reckless, or even negligent to trigger liability under the FDCPA). Moreover, our law is "no stranger to the possibility that an act be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law." *Jerman,* 559 U.S. at 582-83. As a result, BHLM's mistaken interpretation of the requirements of the FDCPA is insufficient to establish a bona fide error as a matter of law.

### b. Reliance on a Court's Interpretation of the Legal Requirements of the FDCPA Does Not Change the Analysis

Realizing that the Supreme Court's holding in *Jerman* may be fatal to its bona fide error defense, BHLM attempts to distinguish the facts at hand from *Jerman* by asserting that BHLM relied on a *judicial* interpretation of the requirements of the FDCPA, opposed to a *debt collector's* interpretation of the same. However, the source of the reliance of the mistaken interpretation of the law does not change the outcome. Even before *Suesz* and *Jerman*, courts have ruled that the bona fide error defense is unavailable to debt collectors that relied on a court's interpretation of the legal requirements of the FDCPA. In *Register* v. *Reiner, Reiner & Bendett, PC*, 488 F.Supp.2d 143, 148 (D. Conn. 2007), the defendant argued that its reliance on

the Third Circuit Court of Appeals' decision in construing the requirements of §1692g(a)(3) of the FDCPA should excuse it from liability. *Id*. at 146. The court rejected defendant's argument that it could base its bona fide error defense "on the FDCPA interpretation of the highest court to have considered the issue." *Id*. at 147. Consistent with *Jerman*, the *Register* court held that Section 1692k(c) does not excuse statutory violations that result from a mistaken view of the law. *Id*. at 147. The issue decided by the *Register* court is on all fours with the issue before this Court. Consequently, this Court should adopt the well reasoned holding in *Register* and reject BHLM's contention that its reliance on *Newsom* excuses its violations of the FDCPA.

BHLM's Motion heavily relies on the Seventh Circuit's ruling in *Kort v. Diversified Collection Servs.,* 394 F.3d 530 (7th Cir. 2005) to advance its theory that its reliance on the judicial interpretation of the requirements of the FDCPA entitles it to the bona fide error defense. However, *Kort* is distinguishable and BHLM's reliance on it is misplaced. In *Kort,* the debt collector was sued for using a *mandatory* form which included the Department of Education's interpretation of the requirements of the Higher Education Act relating to the administrative garnishment of a debtor's wages. *Id.* at 533-35. The *Kort* court held that the debt collector was entitled to the bona fide error defense because its use of the form was *mandatory* and any violation of the FDCPA was not intentional and the error was made in good faith. *Id.* at 537-38. *Kort* is distinguishable for one chief reason, the form used by the debt collector in *Kort* was *mandatory* pursuant to the Higher Education Act. *Id.* at 534. Here, BHLM was not *required* to file the collection case in the First Municipal District, it merely chose to do so because it is presumably more cost effective and efficient for BHLM. Specifically, the court in *Newsom* did not hold that that a debt collection case *must* be filed in Cook County's First Municipal District. Moreover, BHLM was not faced with the Catch-22 that the debt collector faced in *Kort,* not send

7

the required form and violate the Higher Education Act, or send the form and subject itself to FDCPA liability. As a result, BHLM's reliance on *Kort* misses the mark.

## II.  BHLM's Reliance on Controlling Judicial Precedent Does Not Bring It Within the FDCPA's "Safe Harbor"

BHLM argues that reliance on an appellate court's decision warrants the same weight as an FTC advisory opinion, thus providing BHLM a safe harbor from liability. The FDCPA's safe harbor provision states:

> No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason. 15 U.S.C. §1692k(e).

BHLM's argument must fail for one chief reason, it did not rely on an FTC advisory opinion interpreting the FDCPA's venue provision. BHLM does not cite to any authority supporting its position that the an appellate court's decision warrants the same weight as an FTC advisory opinion; presumably because no authority exists. Given that the express language of the FDCPA's "safe harbor" provision requires reliance on an FTC advisory opinion, BHLM's argument that it is entitled to its protections must fail as a matter of law.

## III.  *Suesz* Must Be Applied Retroactively

BHLM argues that *Suesz* should not be applied retroactively to it. Specifically, BHLM argues that the retroactive application of *Suesz* would deprive it of due process. BHLM is mistaken. The *Suesz* court consciously applied its ruling retroactively while fully aware that debt collectors will be subject to liability for their reliance on *Newsom*. The debt collector in *Suesz* requested that the court apply its ruling prospectively, but the court denied its request. *Suesz,* 757 F. 3d at 649-50. The *Suesz* court, in determining the retroactivity of its ruling, held that a single ruling from an appellate court is an insufficient basis for a party's reliance. *Id.* "A prior decision

of one intermediate appellate court does not create the degree of certainty concerning an issue of federal law that would justify reliance…to protect settled expectations." *Id*. The *Suesz* court further noted that "prospective overruling on reliance grounds is impermissible unless the law had been so well settled before the overruling that it had been unquestionably prudent for the community to rely on the previous legal understanding." *Id.* at 650. Moreover, Judge Kennelly in *Glazweski v. The CKB Firm,* 2015 WL 661278, at *2 (N.D. Ill. 2015), recently rejected the very same argument BHLM advances here and affirmed the retroactive application of *Suesz. Id.* Consequently, this Court must apply *Suesz* retroactively per the mandates of the Seventh Circuit.

## IV. The Collection Case Was Not Filed Where the Contract Was Signed

Lastly, BHLM argues that it did not violate the FDCPA's venue provision because Plaintiff failed to plead that the contract which gave rise to the collection case was not entered into in Cook County's First Municipal District. The FDCPA's venue provision requires that the debt collector bring legal action in a judicial district or similar legal entity in which the consumer resides or *signed* the underlying contract. (Emphasis added) 15 U.S.C. §1692i(a)(2). Plaintiff did not sign the contract that gave rise to the collection case in the First Municipal District. (Plaintiff's Response to BHLM's Statement of Material Facts, Plaintiff's Statement of Additional Facts, ¶5.) Moreover, BHLM's argument must fail as the underlying account which gave rise to the collection case was a revolving credit card account. (BHLM's Statement of Material Facts ¶4.) Under Illinois law, credit card agreements are deemed oral contracts because they do not meet Illinois courts' strict interpretation of the meaning of a written agreement. *Portfolio Acquisitions, LLC v. Feltman,* 909 N.E.2d 876, 880 (Ill. App. 1st Dist. 2009) (holding that a credit card agreement is considered an oral contract). As a result, each charge made on the card is an oral contract, in which by definition, is not a written agreement that is capable of being

9

*signed*. Moreover, BHLM's Motion does not present the *signed* agreement which the collection case is predicated upon. This fact demonstrates that a *signed* agreement does not exist. As a result, Plaintiff did not *sign* the contract that gave rise to the collection case in the First Municipal District.

BHLM also argues that Plaintiff used the credit card within the First Municipal District and thus the contract was "formed" in the First Municipal District. BHLM's argument must fail because the express language of the FDCPA's venue provision focuses on the location in which the contract was *signed* and not "formed." As a result, BHLM's argument that the contract was "formed" in the First Municipal District when Plaintiff incurred charges there must fail as a matter of law.

## CONCLUSION

BHLM's Motion has one central theme, *Suesz* is unfair. Unfortunately for BHLM, the Seventh Circuit in *Suesz* thought otherwise as demonstrated by the retroactive application of its ruling. BHLM enjoyed the fruits of *Newsom* for 18 years and now complains of the liability it faces. Given the FDCPA's nominal one year statute of limitations, BHLM's exposure is *de minimus* in relation to the nearly two decades it benefitted from the incorrect ruling in *Newsom*. The equity arguments aside, BHLM is not entitled to summary judgment as a matter of law. The Supreme Court's decision in *Jerman* combined with the retroactive application of *Suesz* leads to an unambiguous legal conclusion, BHLM is not entitled to the bona fide error defense and thus it must be found liable for its violations of the FDCPA's venue provision. As a result, BHLM's Motion for Summary Judgment must be denied in its entirety as a matter of law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny BHLM's Motion for Summary Judgment and grant any other relief that this Honorable Court deems just.

Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181
mbadwan@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on May 27, 2015, he caused a copy of the foregoing Plaintiff's Response to Defendant's Motion for Summary Judgment to be served by ECF on:

David Hartsell, Esq.
dhartsell@mcguiewoods.com
McGuireWoods LLP

Helen Arnold, Esq.
harnold@mcguirewoods.com
McGuireWoods LLP

/s/ Mohammed O. Badwan