IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD OLIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:14-cv-06447 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by its undersigned counsel, and in further support of its motion for summary judgment (Dkt. 22), states as follows:

While the facts are simple in this case, the law is complex. Plaintiff does not dispute that BHLM acted in good faith in relying upon binding circuit precedent when it filed the collection case in Chicago. He does not dispute that he incurred all, or at least a majority, of the debt in Chicago. He does not dispute that downtown Chicago was a more convenient forum for him to defend the collection case. Indeed, he admits that this case only matters to his lawyers. Despite these facts, Plaintiff seeks to exploit the Seventh Circuit's unforeseen change in law. This cannot be permitted.

It is unquestioned that BHLM was following the law, as it stood untouched for the last eighteen years, as expressed in *Newsom* which was *the controlling* interpretation in this Circuit. Because BHLM's conduct was not a result of *its* mistaken interpretation of the law, the bona fide error defense applies. Indeed, as the Seventh Circuit found in an analogous case, BHLM's "error" was no mistake of law at all because it did not result from BHLM's "legal judgment."

Therefore, BHLM's policies and procedures of adopting binding, and unquestioned, Seventh Circuit interpretations of the FDCPA with respect to its actions in this Circuit entitle it to the bona fide error defense.

In addition, both the statutory text and the Seventh Circuit's jurisprudence favors the finding of a safe harbor in this case. Congress intended to protect debt collectors from changes in decisional law that convert lawful conduct into a violation under the FDCPA. The Seventh Circuit frequently creates safe harbors under the FDCPA without any authorization from the statutory text. Thus, *Newsom's* pronouncement that the Circuit Courts in Illinois constitute "judicial districts" within the meaning of Section 15 U.S.C. § 1692i(a)(2) must be construed as a safe harbor protecting conduct that complied with its holding while it was the law of this Circuit.

Moreover, any analysis of the law on retroactive application demonstrates that the holding of *Suesz* should be applied prospectively with respect to BHLM's actions within the Circuit Court of Cook County. To hold BHLM retroactively liable for having followed established circuit precedent when it filed the collection case at issue here ignores fundamental fairness and due process. "Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly." *Landgraf v. USI Film Prods.,* 511 U.S. 244, 265 (1994).

Finally, while Plaintiff asserts, without any support, that he did not "sign" any contract in Chicago, he acknowledges that he incurred the debt through a series of transactions with merchants in Chicago. By signing the sales receipts for these transactions, Oliva "signed" the contracts in Chicago. Plaintiff has not offered any evidence to the contrary. As such, he cannot establish an essential element of his claim and BHLM is entitled to judgment as a matter of law.

## ARGUMENT

### I.    BHLM Is Not Liable for the Alleged "*Suesz*" Violation

#### A.    Bona Fide Error.

Plaintiff asks this court to interpret *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010), broadly to exclude any non-clerical mistakes; however, the Court did not go that far. Instead, the Court issued a very narrow holding – that the bona fide error defense "does not apply to a violation of the FDCPA *resulting from a debt collector's* incorrect interpretation of the requirements of that statute." *Id.* at 604-05 (emphasis added). Notably, the Supreme Court expressly stated that it was leaving open the question of whether the bona fide error defense would apply to mistakes of state law, signifying that all mistakes of law are not excluded from the defense. *See id.* at 580 n.4. If the Court wanted to limit the bona fide error defense to clerical errors, it would have done so. Similarly, if the Court wanted to exclude *all interpretations* of the law, rather than just "*a debt collector's* incorrect interpretation," it would not have crafted such a narrow holding.

The distinction is significant. If the bona fide error defense included a debt collector's interpretation of the law, then the defense could undercut the statute – making every violation subject to the debt collector's asserted interpretation of the law. In contrast, when the interpretation of law comes from a binding court decision or a federal agency, it is not subject to potential misuse or manipulation. Indeed, in the context of the bona fide error defense, the Seventh Circuit made a distinction between mistakes of law resulting from the debt collector's "legal judgment" versus a "mistake" resulting from reliance on the government's interpretation of the law. *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 538 n.9 (7th Cir. 2005). The Court explained that where the debt collector followed an agency's interpretation of the law

and "did not exercise any 'legal judgment' of its own, any mistake by [the debt collector] in this case *was not mistake of law* (i.e., any misinterpretation of the [law] in this situation was done by the [agency], not [the debt collector])." *Id.* (emphasis added).

This element of a "legal judgment" on the part of the debt collector is significant, particularly in the context of the limited holding in *Jerman*. BHLM is not contending that every court's interpretation of the FDCPA will entitle a debt collector to the bona fide error defense. Rather, as the Seventh Circuit has explained, a defendant must demonstrate that the error was made in good faith. *Kort*, 394 F.3d at 537. Therefore, the debt collector's reliance on the court's or the agency's interpretation must be reasonable.

The background of the *Jerman* decision provides guidance. The underlying issue in *Jerman* was whether a debt collector's validation notice improperly required the consumer to dispute the debt in writing under Section 1692g(a). 559 U.S. at 573. At the time the debt collector sent the required notice, there was a *division of authority* on whether the debtor's dispute must be in writing. *Id.* Because there was no *binding* court decision, and instead the courts were divided on the issue, no debt collector could reasonably rely upon any one court's interpretation of that statutory provision. It is as though there was no decision at all, leaving the issue to the debt collector's "legal judgment."

For this same reason, plaintiff's reliance on *Register v. Reiner, Reiner & Bendett, PC,* 488 F.Supp.2d 143 (D. Conn. 2007) is inapposite. That case dealt with the same interpretation of law at issue in *Jerman*, whether Section 1692g(a)(3) required the consumer to dispute the debt in writing. *Id.* at 147. The defendant argued that because there was no Second Circuit decision on the issue (which would have been binding), it was relying on a Third Circuit decision upholding the writing requirement. *Id.* The court did not apply the bona fide error defense because the

Third Circuit decision was not binding and, while the Second Circuit had not decided the issue, the majority of district courts within that circuit had rejected the writing requirement. *Id.* As such, the defendant could not reasonably rely upon the non-binding decision by Third Circuit.

In contrast, BHLM relied upon a *binding* Seventh Circuit decision that addressed the exact conduct at issue in this case and "decided that in Illinois, Circuit Courts constitute judicial districts under the plain meaning of the FDCPA." *Newsom v. Friedman*, 76 F.3d 813, 820 (7th Cir. 1996). Not only was *Newsom* the controlling interpretation of Section 1692i(a)(2), and specifically in reference to collection actions filed in Cook County, Illinois, but it also stood untouched and unquestioned for eighteen years. There was no dispute among the federal courts (at the district court or circuit court level). It was the binding law on BHLM at the time the collection case was filed. The irony of plaintiff's reliance on the "common maxim" "that ignorance of the law will not excuse any person, either civilly or criminally" is not lost in this case where BHLM *followed* the controlling law at the time.

Finally, Plaintiff's attempt at distinguishing *Kort* falls flat. Admittedly, in *Kort* the form used by the debt collector was compulsory, but that factor was not decisive. 394 F.3d at 539. In fact, in addressing the mandatory nature of the form, the Court noted that "

> [t]heoretically, DCS could have done more to ensure its notice complied with the HEA. Nevertheless, § 1692k(c) *does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution*…adopting the DOE's legal interpretation of the HEA unemployment exemption *was a reasonable procedure* to avoid an erroneous application of the exemption.

*Id.* (emphasis added).

The above reasoning applies in this case. *Newsom* held that Cook County (as opposed to the municipal districts) constituted the "judicial district" under the FDCPA. 76 F.3d at 820. While BHLM could have filed the collection case in the applicable municipal district to avoid

the *possible error* resulting from the Seventh Circuit reversing *Newsom*, it was only required to adopt a reasonable procedure.  BHLM's adoption of the binding, and unquestioned, Seventh Circuit interpretation of the FDCPA with respect to its actions in this Circuit is reasonable.  *See Kort*, 394 F.3d at 538 ("[a]n entirely reasonable procedure to avoid misinterpreting and misapplying a federal statute…is to adopt the legal interpretation of the federal agency charged with regulating under the statute in question.").  As such, BLHM is entitled to summary judgment on its bona fide error defense.

### B.     The FDCPA's "Safe Harbor."

Plaintiff argues that *Newsom* cannot create a safe harbor because, according to him, an appellate court decision does not warrant the same weight as an FTC advisory opinion.  This reasoning fails for two reasons.

First, agency decisions are given deference, not decisiveness.  "It is emphatically the province and duty of the judicial department to say *what the law is*."  *Marbury v. Madison*, 5 U.S. 137, 177 (1803) (emphasis added).  As a result, "the courts are the *final authorities* on issues of statutory construction."  *Federal Election Commission v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 31-32 (1981) (emphasis added); *see also Akram v. Holder*, 721 F.3d 853, 859 (7th Cir. 2013) ("The judiciary is the final authority on issues of statutory construction….").  Because the courts have the ultimate interpretive power, a binding circuit court opinion *is* entitled to greater weight than an agency decision.

The FDCPA's safe harbor provision demonstrates Congress' intent to protect debt collectors from this *exact* situation – where changes in decisional law transform lawful conduct into a violation.  Thus, Congress' intent supports the creation of a safe harbor under *Newsom* for debt collectors in Cook County.

Second, the Seventh Circuit routinely creates safe harbors under the FDCPA. *See, e.g.,*
*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007) (creating a safe
harbor for limited time offers in collection letters); *Chuway v. Nat'l Action Fin. Servs. Inc.*, 362
F.3d 944, 949 (7th Cir. 2004) (directing the defendant to utilize safe harbor language regarding
accruing interest and fees); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*,
214 F.3d 872, 876 (7th Cir. 2000) (creating safe harbor for representations of outstanding
balance due as of date of the letter); *Bartlett v. Heibl*, 128 F.3d 497, 501–02 (7th Cir.1997)
(creating a safe harbor for validation notice violations). Here, the *Newsom* court decided that "in
Illinois, Circuit Courts constitute judicial districts under the plain meaning of the FDCPA." 76
F.3d at 820. This very specific holding under the venue provision created a safe harbor for
collection cases filed in Cook County, Illinois. *See Kort*, 394 F.3d at 537 (finding that the debt
collector's actions in relying on the agency form "differ little from debt collectors who follow
safe-harbor language drafted by this court."). Thus, a safe harbor in this case coincides with the
Seventh Circuit's jurisprudence of protecting debt collectors who abide by the Court's decisions
and it is supported by Congress' desire to protect debt collectors from an overruling decision.

### C. Suesz Should Not Be Applied Retroactively to BHLM.

Plaintiff pays short shrift to the issue of retroactivity, no doubt because an analysis of the
*Chevron Oil* factors favors prospective application of *Suesz* in this case. Instead, Plaintiff
contends that *Suesz* decided the issue, relying on *Glazewski v. CKB Firm, P.C.*, 2015 WL
661278, at *2 (N.D. Ill. 2015). However, the court in *Glazewski*, which decided the issue on a
motion to dismiss, did not look to the law on retroactivity and did not address (and was not asked
to address) the limited holding on retroactivity in *Suesz*, which was directed to "debt collectors in
Marion County." *Suesz*, 757 F.3d at 650.

The limited application of the retroactivity holding in *Suesz* is apparent when looking at the Seventh Circuit's analysis. The Court explained that debt collectors in Marion County could not have justifiably relied upon the decision in *Newsom*, which dealt specifically with the court system in Cook County. *Id.* However, *Newsom did* represent the degree of certainty warranting reliance with respect to how the FDCPA venue rules applied to Cook County. *Newsom* expressly held that "in *Illinois*, *Circuit Courts* constitute judicial districts under the plain meaning of the FDCPA." 76 F.3d at 820 (emphasis added). That irrefutably clear holding stood for eighteen years. Moreover, *Newsom* was the *only* appellate court opinion and, more importantly, the only one that mattered for debt collectors in Cook County. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 545 (11th Cir. 2002) (en banc) ("It would be inequitable to punish those parties for following the clearly established precedent of this Circuit."). Thus, BHLM had a reasonable basis to rely upon a decision which specifically addressed the application of Section 1692i(a)(2) *within the Circuit Court of Cook County*.

Plaintiff does not question that the law on retroactivity favors prospective application of the *Suesz* decision with respect to this case. Indeed, he admits that the First Municipal District was a more convenient venue for him and that the issue "only matters to [him] because it matters to my lawyer." (Pl.'s Resp. to Statement of Material Facts, ¶¶ 8, 12.) Plaintiff should not be permitted to take advantage of the abrupt change in the law, particularly where it had no negative impact on him. Accordingly, this court should hold that *Suesz* does not apply retroactively to BHLM in this case.

## II.     The Collection Case Was Filed Where the Contract Was Made.

Plaintiff does not dispute that he incurred the underlying debt in Chicago, where he lived and worked during the relevant time period. (Pl.'s Resp. to Statement of Material Facts, ¶ 25.) Instead, he contends that he never "signed" the contract. This is belied by the fact that for each

one of the charges, Oliva "signed" the contract either by signing a credit card slip, *see Sears, Roebuck & Co. v. Conry*, 748 N.E.2d 1248, 1250 (Ill. App. 2001), or by providing an electronic signature pursuant to the Electronic Signatures In Global and National Commerce Act (ESIGN), 15 U.S.C. § 7001, et seq. *See* 15 U.S.C.A. § 7006(5) (West) (defining the "term 'electronic signature' means an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to sign the record.").

As Plaintiff admits, his purchases, and therefore *these signatures*, occurred in Chicago. He has not brought forward any evidence indicating that he did not "sign" these transactions. Plaintiff bears the burden of proof, and he has not met it in this case. Accordingly, BHLM is entitled to summary judgment. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994) ("[S]ummary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") (internal quotations omitted).

## CONCLUSION

For the reasons set forth above and in BHLM's opening memorandum, summary judgment should enter in favor of BHLM and against plaintiff.

Dated:  June 5, 2015                                  BLATT, HASENMILLER, LEIBSKER &
                                                      MOORE, LLC


                                           By:     /s/David L. Hartsell
                                                   One of Its Attorneys

                                                   David L. Hartsell
                                                   Helen D. Arnold
                                                   McGUIREWOODS LLP
                                                   77 W. Wacker Drive, Suite 4100
                                                   Chicago, Illinois  60601-1818

(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com
harnold@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the Court using the CM/ECF system on June 5, 2015, which constitutes service on below counsel who are registered electronic filing users, pursuant to FED. R. CIV. P. 5(b)(2)(D) and L.R. 5.9:

> Ahmad Tayseer Sulaiman, First
> Daniel J. McGarry, Esq.
> Mohammed O. Badwan, Esq.
> Sulaiman Law Group, Ltd.
> ahmad.sulaiman@sulaimanlaw.com
> dmcgarry@sulaimanlaw.com
> mbadwan@sulaimanlaw.com

/s/David L Hartsell

67477698