# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RONALD OLIVA

Plaintiff,

v.

BLATT, HASENMILLER, LIEBSKER &
MOORE, LLC

Defendant.

1:14-cv-06447

Honorable Elaine E. Bucklo

Magistrate Honorable Jeffrey T. Gilbert

NOTICE OF APPEAL TO THE COURT OF APPEALS FROM A JUDGMENT OR ORDER
FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOTICE is hereby given that Plaintiff, RONALD OLIVA, in the above named case, hereby

appeals to the United States Court of Appeals for the Seventh Circuit from the Judgment entered

on July 14, 2015 (Document No. 36) by the Honorable Elaine E. Bucklo, Judge of the United

States District Court for the Northern District of Illinois, Eastern Division.

Dated July 16, 2015

Respectfully submitted:

/s/Matthew Hector
Matthew Hector, ARDC #6283058

Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
(630) 575-8181
mhector@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served by operation of the court's electronic filing system, or in the alternative, via US Mail, this 16th day of July 2015, addressed to:

David Luther Hartsell
Helen Deborah Arnold
McGuire Woods LLP
77 West Wacker Drive
Chicago, Illinois 60601
dhartsell@mcguirewoods.com
harnold@mcguirewoods.com

/s/ Matthew H. Hector
Matthew H. Hector, ARDC No. 6283058
SULAIMAN LAW GROUP, LTD.
Attorney for Plaintiff

Matthew H. Hector ARDC# 6283058
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Telephone: (630) 575-8181
Main Fax: (630) 575-8188
mhector@sulaimanlaw.com

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**
United States Courthouse
219 S. Dearborn Street
Chicago, Illinois

## DOCKETING STATEMENT

| | |
|---|---|
| **Caption of Case** | **7CCA Docket No.**_____ |
| RONALD OLIVA | 1:14-cv-06447 |
| Plaintiff, | |
| v. | Honorable Elaine E. Bucklo |
| | Magistrate Honorable Jeffrey T. Gilbert |
| BLATT, HASENMILLER, LIEBSKER & MOORE, LLC | |
| Defendant. | |

**Statute or other authority establishing jurisdiction in the:**

      1. District Court: 15 U.S.C. §1692k; 28 U.S.C. §§1331, 1337, 1367;
      2. Court of Appeals: 28 U.S.C. §1291

**Timeliness of Appeal:**

      1. Date of entry of judgment or order appealed from:   July 14, 2015
      2. Date this notice of appeal filed:               July 16, 2015

**Is the order or judgment appealed from a final decision on the merits?** Yes.

**Based on your present knowledge:**

**Will this appeal involve a question of first impression?** Yes.

**If yes, please explain briefly:**

Whether a Cook County debt collector following *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996) can assert the bona fide error defense pursuant to 15 U.S.C.  to a Fair Debt Collection Practices Act ("FDCPA") claim predicated upon a violation of the FDCPA's venue provision, 15 U.S.C. §1692i(a)(2).

Whether the Seventh Circuit's holding in *Suesz v. Med-1 Solutions, Inc.,* 757 F.3d 636 (7th Cir. 2014) applies retroactively to Cook County debt collectors.

**Are any related cases or cases raising related issues pending in this Court, any district court of this circuit, or the Supreme Court?**

| | |
|---|---|
| Yes. Stemberk, Frank v. Blatt, Hasenmiller, Leibsker & Moore, LLC, et al | 1:15-cv-02083 |
| Finley, Gregoryv. McGrane, Perozzi, Stelter, Gerardi, Brauer & Ross | 1:15-cv-04465 |
| Fitzharris, Kevin P. v. Weltman, Weinberg & Reis Co. | 1:15-cv-06144 |
| Pate, Michael v. MSW Capital, LLC | 1:15-cv-05602 |
| Wheet, Karen A. v. Atlantic Credit & Finance Special Finance Unit, LLC | 1:15-cv-04685 |
| Wistehuff, Michael #1 (2955) v. Portfolio Recovery Services, LLC | 1:15-cv-05759 |
| Wistehuff, Michael #2 (2959) v. Portfolio Recovery Services, LLC | 1:15-cv-05761 |
| Wistehuff, Michael #3 v. HBLC, Inc and Steven J. Fink & Associates, P.C. | 1:15-cv-05934 |
| Benson, Timothy v. Blitt & Gaines, P.C., et al | 1:15-cv-02432 |
| Betts, Tangula M. v. Portfolio Recovery Associates, LLC | 1:15-cv-01248 |
| Abu-Samra, Lisa v. Cavalry SPV I, LLC | 1:14-cv-09422 |
| Meter, Howard          v. Midland Funding, LLC | 1:15-cv-02637 |
| Guy Mannella v. Freedman, Anselmo, Lindberg & Rappe, LLC | 1:15-cv-02538 |
| Jenkins, James P. v. Portfolio Recovery Services, LLC | 1:15-cv-01124 |
| Martinez, Estela v. Freedman, Anselmo & Lindberg, LLC | 1:15-cv-01097 |
| Meikel, Shannon v. Arnold H. Landis | 1:15-cv-00807 |
| Oliver, George v. Freedman, Anselmo & Lindberg, LLC | 1:15-cv-00558 |
| Walker, Carl v. Midland Funding, LLC | 1:15-cv-02636 |
| Zayed, Zee v. Bellas & Wachowski | 1:15-cv-01838 |
| Delk, Antoinette v. Freedman, Anselmo, Lindberg, LLC | 1:14-cv-07091 |
| Delk, Antoinette v. Freedman, Anselmo, Lindberg, LLC | 1:14-cv-07092 |
| Ratcliff, James v. Freeman, Anselmo, Lindberg, LLC | 1:14-cv-07371 |
| Jelebinkov, Konstantin v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-07372 |
| Jelebinkov, Silva v. Freeman, Anselmo, Lindberg, LLC | 1:14-cv-07373 |
| Jelebinkov, Silva v. Freeman, Anselmo, Lindberg, LLC | 1:14-cv-08175 |
| Jaber, Nuha v. Freeman, Anselmo, Lindberg, LLC, et al | 1:14-cv-07374 |
| Adams, Michael v. Freeman, Anselmo, Lindberg, LLC, et al | 1:14-cv-07812 |
| Delitz, Damita v. Portfolio Recovery Associates, LLC | 1:14-cv-10176 |
| Mehra, Bhupinder v. Law Offices of Keith S. Shindler, Ltd | 1:14-cv-07506 |
| Mehra, Bhupinder v. Law Offices of Keith S. Shindler, Ltd | 1:14-cv-07509 |
| Witbrod, Michael v. Blitt & Gaines, P.C., et al | 1:14-cv-08176 |
| Gillis, Cynthia v. Blitt & Gaines, P.C. | 1:14-cv-05782 |
| Page, Michael Sr. v. Blitt & Gaines, P.C., et al | 1:14-cv-08691 |
| Campbell, Safornia v. Blatt, Hasenmiller, Leibsker & Moore, LLC, et al | 1:14-cv-10003 |
| Summers, Craig v. Midland Funding, LLC, et al | 1:14-cv-10174 |
| Hayward, Edward v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-09030 |
| Gajda, Jacek v. Portfolio Recovery Associates, LLC | 1:15-cv-00607 |
| Etro, Jeanette v. Midland Funding, LLC | 1:14-cv-09256 |
| Etro, Jeanette v. Blitt & Gaines, P.C. | 1:14-cv-08924 |
| Balik, Tolga v. Blitt & Gaines, P.C. | 1:14-cv-08702 |

| | |
|---|---|
| Desfassiaux, Mary v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-08663 |
| Gillespie, Patrick v. Blitt & Gaines, P.C. | 1:14-cv-09176 |
| Rowan, Clarence v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-08923 |
| Portalatin, Iwona v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-08271 |
| Saunders, Lawrence v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-08311 |
| Langston, Danielle v. John C. Bonewicz, et al | 1:14-cv-08642 |
| Reid, Stanford v. Blitt & Gaines, P.C. | 1:14-cv-08172 |
| Henderson, Louis v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-07517 |
| Dyer, Andrea v.          Sanford Kahn, Ltd | 1:14-cv-07503 |
| Dyer, Andrea v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-07486 |
| Oberg, Barbara v. Midland Funding, LLC | 1:14-cv-07369 |
| Ventura, Christine v. Yashar & Morgan, et al | 1:14-cv-08701 |
| Ayeni, Ginette v. Blitt & Gaines, P.C. | 1:14-cv-06726 |
| Mehra, Neelam v. Law Offices of Keith S. Shindler, Ltd | 1:14-cv-06715 |
| Conroy, Wanda v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-06725 |
| Maldonado, Julia v. Freeman, Anselmo, Lindberg, LLC | 1:14-cv-06694 |
| Pihl, Joseph v. Law Office of Keith S. Shindler, Ltd | 1:14-cv-07114 |
| Murry, Anthony v. Blatt, Hasenmiller, Leibsker & Moore, LLC | 1:14-cv-07151 |
| Taylor, Mary v. Blitt & Gaines, P.C. | 1:14-cv-05781 |
| Bristow, Elizabeth v. John C. Bonewicz, P.C., et al | 1:14-cv-06314 |
| Browne, Andrew v. . John C. Bonewicz, P.C. | 1:14-cv-06312 |
| Whittler, Bruce v. Midland Funding, LLC | 1:14-cv-09423 |

**State the nature of the suit, the relief sought, and the outcome below:**

This is an action brought under the Fair Debt Collection Practices Act for statutory damages and attorney's fees, predicated upon Defendant's violation of 15 U.S.C. §1692i(a)(2). The District Court granted Defendant's Rule 56 motion for summary judgment, holding that Defendant's filing of a debt collection lawsuit was a bona fide error pursuant to 15 U.S.C. §1692k(c), fell within the FDCPA's safe harbor pursuant to 15 U.S.C. §1692k(e), and that the Seventh Circuit's holding in *Suesz v. Med-1 Solutions, Inc.,* 757 F.3d 636 (7th Cir. 2014) does not apply retroactively to Cook County debt collectors.

**Issues to be raised on appeal.**

Whether the District Court erred in granting Defendant's Rule 56 motion for summary judgment.

Whether the District Court erred in holding that a mistake of law constitutes a bona fide error pursuant to 15 U.S.C. §1692k(c).

Whether the District Court erred in holding that following the Seventh Circuit's opinion in *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996) allows a debt collector to assert the protections of the FDCPA's safe harbor provision (15 §1692k(e).)

Whether the District Court erred in holding that the Seventh Circuit's holding in *Suesz v. Med-1 Solutions, Inc.,* 757 F.3d 636 (7th Cir. 2014) does not apply retroactively to Cook County debt collectors.

**Is settlement being discussed?** No

**Is disposition on motions, memoranda, or abbreviated briefing schedule appropriate?** No

**Is oral argument necessary?** Yes

**Were there any in-court proceeding below?** No

**Is a transcript necessary for this appeal?** No

**List each adverse party to the appeal.**

Blatt, Hasenmiller, Liebsker & Moore
David Luther Hartsell
Helen Deborah Arnold
McGuire Woods LLP
77 West Wacker Drive
Chicago, Illinois 60601
dhartsell@mcguirewoods.com
harnold@mcguirewoods.com

**List names and addresses of appellants who filed this notice of appeal and appellant's counsel.**

Ronald Oliva, Plaintiff-Appellant
Attorney Matthew H. Hector
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Ph (630) 575-8181
Fax (630) 575-8188
mhector@sulaimanlaw.com

**Will you be handling this appeal?** Yes

Dated: July 16, 2015

Respectfully submitted:

_/s/Matthew Hector_____
Matthew Hector, ARDC #6283058

Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
(630) 575-8181
mhector@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served by operation of the court's electronic filing system, or in the alternative, via US Mail, this 16th day of July 2015, addressed to:

David Luther Hartsell
Helen Deborah Arnold
McGuire Woods LLP
77 West Wacker Drive
Chicago, Illinois 60601
dhartsell@mcguirewoods.com
harnold@mcguirewoods.com

/s/ Matthew H. Hector
Matthew H. Hector, ARDC No. 6283058
SULAIMAN LAW GROUP, LTD.
Attorney for Plaintiff

Matthew H. Hector ARDC# 6283058
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Telephone:  (630) 575-8181
Main Fax:  (630) 575-8188
mhector@sulaimanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD OLIVA,                    )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   No. 14 C 6447
                                 )
BLATT, HASENMILLER,              )
LEIBSKER & MOORE, LLC            )
                                 )
            Defendant.           )

MEMORANDUM OPINION AND ORDER

Ronald Oliva ("Oliva") claims that Defendant violated the
Fair Debt Collection Practices Act's ("FDCPA") venue provision,
15 U.S.C. § 1691i(a)(2), when it filed a credit card collection
suit against him in a judicial district where he neither resided
nor signed the underlying debt contract.

Defendant counters that it was lawful to sue Oliva in the
Cook County Circuit Court's first district because he made
purchases there using his credit card. Alternatively, Defendant
argues that its decision to sue Oliva in the wrong judicial
district resulted from a bona fide error--namely, its reliance
on *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), which the
Seventh Circuit overruled seven months after Defendant filed its
collection suit against Oliva. *See Suesz v. Med-1 Solutions,
LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc), *cert. denied*, 135
S. Ct. 756 (2014).

1

The parties have filed cross motions for summary judgment. For the reasons stated below, I grant Defendant's motion and deny Plaintiff's cross motion.

I.

The following facts are undisputed. In 2002, Oliva opened an HSBC MasterCard account, which he used to make purchases in the City of Chicago during his time as a student at DePaul University (from which he graduated in 2005) and during his subsequent employment with CDW at its downtown office (where he worked until August 2015). Oliva lived and worked in the City of Chicago almost continuously from 2002 until he moved back home to Orland Park, Illinois in August 2013.

At an unspecified time, Oliva fell behind on his credit card payments. Towards the end of 2012, HSBC charged off Oliva's account, which had a final balance of $8,205.20. Capitol One subsequently bought Oliva's account and later sold it to Portfolio Recovery Associates, LLC ("PRA").

On December 10, 2013, PRA filed a collection suit against Oliva in the Cook County Circuit Court's first judicial district located in the Richard J. Daley Center ("Daley Center") in downtown Chicago. *See Portfolio Recovery Assoc., LLC v. Oliva*, No. 13 M1 168468 (Ill. Cir. Ct.). Oliva lived in Orland Park-- which falls within the Cook County Circuit Court's fifth district--when the collection suit was filed. Oliva retained counsel, but never challenged venue in the collection suit or

2

personally appeared at the Daley Center for any hearings.
Indeed, Oliva admits that the Daley Center was a more convenient
forum for him than the Bridgeview courthouse, the closest Cook
County Circuit Court to his residence.  *See* Dkt. No. 29 at ¶ 12.

    Blatt, Hasenmiller, Leibsker & Moore ("BHLM" or
"Defendant") represented PRA in the collection suit.  In
deciding where to file suit, Defendant relied on *Newsom v.
Friedman*, 76 F.3d 813 (7th Cir. 1996), which held that the Cook
County Circuit Court is a single "judicial district" for
purposes of the FDCPA's venue provision even though the court is
subdivided into six districts.[1]  As long as a debtor lived in
Cook County or signed the underlying debt contract there, *Newsom*
allowed debt collectors to file suit in any of the Cook County
Circuit Court's six districts.  Defendant's standard practice
after *Newsom* was to file every collection suit against a Cook
County resident in the Daley Center even if the debtor, like
Oliva, lived in the suburbs.

    On July 2, 2014, while Defendant's collection suit against
Oliva was pending, the Seventh Circuit overruled *Newsom* and held
that "the correct interpretation of 'judicial district or
similar legal entity' in § 1692i [the FDCPA's venue provision]
is the smallest geographic area that is relevant for determining
venue in the court system in which the case is filed."  *Suesz v.*

---

[1] *See*
http://www.cookcountycourt.org/ABOUTTHECOURT/OrganizationoftheCi
rcuitCourt.aspx (last visited July 14, 2015).

*Med-1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 756 (2014). The upshot of *Suesz* is that Defendant may now file collection suits against Cook County residents only in the Circuit Court district where the debtor lives or where the debt contract was signed.

On July 10, 2014, only eight days after the Seventh Circuit decided *Suesz*, PRA voluntarily dismissed its collection suit against Oliva and refunded the $186 appearance fee his attorneys had paid.

About one month later, Oliva filed a FDCPA suit alleging that Defendant violated the statute's venue provision when it filed a collection suit against him at the Daley Center rather than at the Cook County courthouse closet to his residence. This is one of twenty-eight retroactive *Suesz* cases that Oliva's attorneys have filed against Defendant since August 2014. *See* Dkt. No. 25-1 n.1 (collecting cases).

Oliva freely admits that his FDCPA suit is attorney driven. When asked why it mattered to him that the collection suit was filed at the Daley Center rather than at the county courthouse closest to his residence, Oliva testified, "I would say it only matters to me because it matters to my lawyer." Oliva Dep. at 49.

## II.

The parties have filed cross motions for summary judgment on Oliva's claim and Defendant's bona fide error defense.

4

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

A.

The FDCPA's venue provision provides that "unless the debt sued on is secured by real estate, a debt collector can sue to collect it 'only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.'" *Suesz*, 757 F.3d at 639 (quoting 15 U.S.C. § 1692i(a)(2)). "A violation makes the debt collector liable to the debtor for statutory and actual damages, as well as attorney fees." *Id*. (citing 15 U.S.C. § 1692k).

Defendant argues that it did not violate the FDCPA's venue provision because even though Oliva did not live in the City of Chicago when the collection suit was filed, he "signed the contract sued upon" there. 15 U.S.C. § 1692i(a)(2). In support of this argument, Defendant relies on *Portfolio Acquisitions, LLC v. Feltman*, 909 N.E.2d 876 (Ill. App. Ct. 2009), which held that "each time [a] credit card is used, a separate contract is formed between the cardholder and bank." *Id*. at 881 (citing

5

*Garber v. Harris Trust & Savings Bank*, 432 N.E.2d 1309, 1311
(Ill. App. Ct. 1982)).  It follows, according to Defendant, that
Oliva signed separate contracts with HSBC each time he used his
MasterCard in the City of Chicago while attending DePaul
University and working at CDW's downtown office.  Oliva counters
that credit card agreements are considered oral contracts, *id*.
at 884, which are incapable of being "signed" within the meaning
of the FDCPA's venue provision.

The parties have not cited any cases addressing whether
swiping a card credit and signing the receipt constitutes
"signing" a debt contract for purposes of the FDCPA's venue
provision.  15 U.S.C. § 1692i(a)(2).  I decline to take a
position on that issue because Oliva's claim fails for an
independent reason explained below.

B.

Defendant's main argument for summary judgment is that its
reliance on *Newsom*--and its failure to predict *Suesz*--was a bona
fide error that does not give rise to liability under the FDCPA.

The FDCPA provides a statutory defense for bona fide
errors:

> A debt collector may not be held liable in any action
> brought under this subchapter if the debt collector
> shows by a preponderance of evidence that the
> violation was not intentional and resulted from a bona
> fide error notwithstanding the maintenance of
> procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

Consistent with the statutory language quoted above, "[a] defendant is entitled to invoke the FDCPA's bona fide error defense only if it can show that the violation: (1) was unintentional, (2) resulted from a bona fide error, and (3) occurred despite the debt collector's maintenance of procedures reasonably adapted to avoid such error." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 803 (7th Cir. 2009) (citing *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005)).

Only the second element of the defense--i.e., whether Defendant's reliance on *Newsom* and failure to predict *Suesz* was a bona fide error--is disputed in the parties' cross motions for summary judgment. Oliva relies heavily on *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010), a case in which a debt collector sent a notice advising the consumer that the underlying debt would be presumed valid unless disputed in writing. At the time the debt collector sent this letter, courts were split on whether an "in writing" requirement violates the FDCPA. *Compare Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (in writing requirement does not violate FDCPA), *with Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) (opposite).

The Supreme Court assumed (without deciding) that the debt collector's letter violated the FDCPA and addressed whether the bona fide error defense applies to violations resulting from

7

mistaken interpretations of the FDCPA's prohibitions. The Court said no, meaning that the debt collector in *Jerman* could not escape liability even though it had relied on a non-controlling case, *Graziano*, holding that debt collectors may impose an "in writing" requirement.

Oliva's case is nothing like *Jerman*. *Newsom* was controlling authority that squarely permitted Defendant to file a collection suit against Oliva in any of the Cook County Circuit Court's six districts. It would be strange to say that Defendant violated the FDCPA by doing something that *Newsom* expressly permitted. *Jerman*'s holding that the bona fide error defense does not apply to mistaken interpretations of law is inapposite because Defendant did not make a legal error when it relied on the Seventh Circuit's controlling interpretation of the FDCPA's venue provision. *See Kort*, 394 F.3d at 538 n.9 (no mistake of law where debt collector relied on implementing agency's interpretation of statute and "did not exercise any 'legal judgment' of its own").

Oliva counters that *Suesz* changed the rules--such that Defendant could not sue him at the Daley Center today--and made its holding retroactive. Only the first half of Oliva's argument is correct. Going forward, Defendant acknowledges that it will have to file collection suits in the specific Cook County Circuit Court district where the debtor resides or signed the underlying contract. *See* Dkt. No. 24-1 at ¶ 13.

As for retroactivity, Oliva misreads *Suesz*'s limited holding on that subject.  After the Seventh Circuit agreed to hear *Suesz* en banc, the debt collector asked the court to apply any new interpretation of the FDCPA's venue provision on a prospective basis only.  The Seventh Circuit rejected this plea, but stopped short of holding that any debt collector who filed suit in a venue that was lawful under *Newsom*--but unlawful under the new rule announced in *Suesz*--would be subject to FDCPA liability.  *Suesz*, 757 F.3d at 649-50.  The FDCPA provides a defense for debt collectors who rely on an advisory opinion by the Consumer Financial Protection Bureau ("CFPB") even if "such opinion is [later] amended, rescinded, or determined by judicial or other authority to be invalid for any reason."  15 U.S.C. § 1692k(e).  If CFPB advisory opinions provide a safe harbor for debt collectors, so too does *Newsom*, a controlling decision that permitted Defendant to sue Oliva at the Daley Center rather than at the county courthouse closest to his home.

Oliva also overlooks the fact that Defendant's reliance interest in *Newsom* is even stronger than the reliance argument that the Seventh Circuit rejected in *Suesz*.  The debt collector in *Suesz* relied on *Newsom* for the proposition that the Marion County Small Claims Court was one "judicial district" for purposes of the FDCPA's venue provision even though it was divided into nine townships.  *Newsom*, however, was a case about the Circuit Court of Cook County, not the Marion County court

system.  What the debt collector in *Suesz* characterized as a
reliance argument was actually an attempt to extend *Newsom*'s
holding to a different county court system.  In contrast,
Defendant squarely relied on *Newsom*'s holding that the Circuit
Court of Cook County was one judicial district when it filed a
collection suit against Oliva at the Daley Center rather than at
the county courthouse closest to his home.  If the Seventh
Circuit had overruled *Newsom* in a case involving a Cook County
collection suit, the court may well have applied its ruling only
on a prospective basis.  *See Suesz* 757 F.3d at 650 (prospective
overruling permissible where "the law has been so well settled
before the overruling that it had been unquestionably prudent
for the community to rely on the previous legal understanding").

In sum, Defendant's reliance on *Newsom* was not a legal
error that would preclude application of the FDCPA's bona fide
error defense.  *See Jerman*, 559 U.S. at 577.  At the time
Defendant sued Oliva at the Daley Center rather than at the Cook
County courthouse closest to his home, its actions were lawful.
*See Newsom*, 76 F.3d at 819.  Nothing in *Suesz* suggests that the
Seventh Circuit intended to (1) make its holding retroactive to
debt collectors, like Defendant, who relied on *Newsom* when
deciding where to sue Cook County residents and (2) unleash a
torrent of FDCPA suits in which those same debt collectors would
be held liable for doing something that *Newsom* expressly
permitted.  The retroactivity holding in *Suesz* was limited to

10

rejecting a Marion County debt collector's asserted reliance interest in *Newsom* and following the standard judicial practice of applying a new rule in the same case in which it is announced.  *See Suesz*, 757 F.3d at 649 (noting that "adopting a new rule while refusing to apply it to the parties before us would raise serious constitutional concerns").

III.

Defendant's motion for summary judgment is GRANTED and Oliva's cross motion is DENIED for the reasons stated above.

**ENTER ORDER:**

_____
    **Elaine E. Bucklo**
  United States District Judge

Dated: July 14, 2015

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Ronald Oliva

Plaintiff(s),

v.

Blatt, Hasenmiller, Leibsker & Moore LLC

Defendant(s).

Case No. 14 C 6447

Judge Elaine E. Bucklo

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
and against defendant(s)
in the amount of $

        which ☐ includes     pre–judgment interest.
        ☐ does not include pre–judgment interest.

    Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

    Plaintiff(s) shall recover costs from defendant(s).

---

☑    in favor of defendant(s) Blatt, Hasenmiller, Leibsker & Moore LLC
and against plaintiff(s) Ronald Oliva

    Defendant(s) shall recover costs from plaintiff(s).

---

☐    other:

---

This action was *(check one)*:

☐ tried by a jury with Judge                presiding, and the jury has rendered a verdict.
☐ tried by Judge             without a jury and the above decision was reached.
☑ decided by Judge Elaine E. Bucklo     on a motion for summary judgment.

Date: 07/14/15          Thomas G. Bruton, Clerk of Court

                    /s/ Michael Wing     , Deputy Clerk

APPEAL,GILBERT,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:14-cv-06447
## Internal Use Only

| | |
|---|---|
| Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC | Date Filed: 08/20/2014 |
| Assigned to: Honorable Elaine E. Bucklo | Date Terminated: 07/14/2015 |
| Cause: 15:1692 Fair Debt Collection Act | Jury Demand: Both |
| | Nature of Suit: 480 Consumer Credit |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Ronald Oliva**                    represented by    **Ahmad Tayseer Sulaiman , First**
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
(630) 575-8181
Email: ahmad.sulaiman@sulaimanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel John McGarry**
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
630-575-8181
Fax: 630-575-8188
Email: dmcgarry@sulaimanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mohammed Omar Badwan**
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, IL 60523
630-575-8181
Fax: 630-575-8188
Email: mbadwan@sulaimanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

| | | |
|---|---|---|
| **Blatt, Hasenmiller, Leibsker & Moore LLC** | represented by | **David Luther Hartsell**<br>McGuireWoods LLP<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, IL 60601<br>(312)849-8100<br>Email: dhartsell@mcguirewoods.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Helen Deborah Arnold**<br>McGuireWoods LLP<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, IL 60601<br>(312) 849-8100<br>Email: harnold@mcguirewoods.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2014 | 1 | COMPLAINT *for Relief Pursuant to the Federal Fair Debt Collection Practices Act* filed by Ronald Oliva; Jury Demand. Filing fee $ 400, receipt number 0752-9786970. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Civil Cover Sheet Civil Action Cover Sheet)(Badwan, Mohammed) (Entered: 08/20/2014) |
| 08/20/2014 | 2 | ATTORNEY Appearance for Plaintiff Ronald Oliva by Mohammed Omar Badwan (Badwan, Mohammed) (Entered: 08/20/2014) |
| 08/20/2014 | 3 | ATTORNEY Appearance for Plaintiff Ronald Oliva by Ahmad Tayseer Sulaiman, First (Sulaiman, Ahmad) (Entered: 08/20/2014) |
| 08/20/2014 | 4 | ATTORNEY Appearance for Plaintiff Ronald Oliva by Daniel John McGarry (McGarry, Daniel) (Entered: 08/20/2014) |
| 08/20/2014 | | CASE ASSIGNED to the Honorable Elaine E. Bucklo. Designated as Magistrate Judge the Honorable Jeffrey T. Gilbert. (nsf, ) (Entered: 08/21/2014) |
| 08/25/2014 | | SUMMONS Issued as to Defendant Blatt, Hasenmiller, Leibsker & Moore LLC (pg, ) (Entered: 08/25/2014) |
| 09/19/2014 | 5 | ATTORNEY Appearance for Defendant Blatt, Hasenmiller, Leibsker & Moore LLC by David Luther Hartsell (Hartsell, David) (Entered: 09/19/2014) |

Case: 1:14-cv-06447 Document #: 42 Filed: 07/17/15 Page 23 of 25 PageID #:602

| 09/19/2014 | 6 | ATTORNEY Appearance for Defendant Blatt, Hasenmiller, Leibsker & Moore LLC by Helen Deborah Arnold (Arnold, Helen) (Entered: 09/19/2014) |
| --- | --- | --- |
| 09/19/2014 | 7 | MOTION by Defendant Blatt, Hasenmiller, Leibsker & Moore LLC for extension of time *to respond to Complaint UNOPPOSED* (Hartsell, David) (Entered: 09/19/2014) |
| 09/19/2014 | 8 | NOTICE of Motion by David Luther Hartsell for presentment of extension of time 7 before Honorable Elaine E. Bucklo on 9/25/2014 at 09:30 AM. (Hartsell, David) (Entered: 09/19/2014) |
| 09/19/2014 | 9 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Blatt, Hasenmiller, Leibsker & Moore LLC (Hartsell, David) (Entered: 09/19/2014) |
| 09/24/2014 | 10 | MINUTE entry before the Honorable Elaine E. Bucklo: Defendant Blatt, Hasenmiller, Leibsker & Moore LLC's Unopposed Motion for an extension of time until 10/10/2014 to respond to plaintiff's complaint 7 is granted. Scheduling Conference set for 10/30/2014 at 9:30 AM. Mailed notice (jdh) (Entered: 09/24/2014) |
| 09/29/2014 | 11 | SUMMONS Returned Executed by Ronald Oliva as to Blatt, Hasenmiller, Leibsker & Moore LLC on 8/29/2014, answer due 9/19/2014. (Badwan, Mohammed) (Entered: 09/29/2014) |
| 10/10/2014 | 12 | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Blatt, Hasenmiller, Leibsker & Moore LLC(Hartsell, David) (Entered: 10/10/2014) |
| 10/28/2014 | 13 | REPORT of Rule 26(f) Planning Meeting (Hartsell, David) (Entered: 10/28/2014) |
| 10/30/2014 | 14 | MINUTE entry before the Honorable Elaine E. Bucklo: Scheduling conference held on 10/30/2014. The Court adopts the report of parties planning meeting. Parties to comply with FRCP 26(a)(1) by 11/14/2014. Plaintiff is given to and including 11/28/2014 to amend all pleadings and to add any additional parties. Defendant is given to and including 12/12/2014 to amend all pleadings and to add any additional parties. Discovery ordered closed by 3/27/2015. Dispositive motions with supporting memoranda due by 4/24/2015. Status hearing set for 3/27/2015 at 9:30 AM. Mailed notice (jdh) (Entered: 10/30/2014) |
| 03/27/2015 | 15 | MINUTE entry before the Honorable Elaine E. Bucklo:Status hearing held on 3/27/2015. Cross motions for summary judgment with supporting memoranda due by 4/24/2015. Responses due by 5/15/2015. Replies due by 5/22/2015. Ruling set before Honorable Elaine E. Bucklo on 6/26/2015 at 09:30 AM. Advised in open court notice (tsa, ) (Entered: 03/27/2015) |
| 04/22/2015 | 16 | MOTION by Defendant Blatt, Hasenmiller, Leibsker & Moore LLC for extension of time *to File Dispositive Motions (Joint)* (Arnold, Helen) (Entered: 04/22/2015) |
| 04/22/2015 | 17 | *Joint* NOTICE of Motion by Helen Deborah Arnold for presentment of extension of time 16 before Honorable Elaine E. Bucklo on 5/1/2015 at 09:30 AM. (Arnold, Helen) (Entered: 04/22/2015) |

| 04/30/2015 | 18 | MINUTE entry before the Honorable Elaine E. Bucklo: Joint Motion for extension of time to file dispositive motions 16 is granted. Cross motions for summary judgment with supporting memoranda due by 5/8/2015. Responses due by 5/29/2015. Replies due by 6/5/2015. Ruling before Honorable Elaine E. Bucklo on 7/15/2015 at 9:30 AM. Mailed notice (jdh) (Entered: 04/30/2015) |
| 05/08/2015 | 19 | MOTION by Plaintiff Ronald Oliva for summary judgment (Badwan, Mohammed) (Entered: 05/08/2015) |
| 05/08/2015 | 20 | RULE 56.1 Statement by Ronald Oliva regarding motion for summary judgment 19 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Badwan, Mohammed) (Entered: 05/08/2015) |
| 05/08/2015 | 21 | MEMORANDUM by Ronald Oliva in support of motion for summary judgment 19 (Badwan, Mohammed) (Entered: 05/08/2015) |
| 05/08/2015 | 22 | MOTION by Defendant Blatt, Hasenmiller, Leibsker & Moore LLC for summary judgment (Hartsell, David) (Entered: 05/08/2015) |
| 05/08/2015 | 23 | MEMORANDUM by Blatt, Hasenmiller, Leibsker & Moore LLC in support of motion for summary judgment 22 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hartsell, David) (Entered: 05/08/2015) |
| 05/08/2015 | 24 | RULE 56.1(a)(3) Statement by Blatt, Hasenmiller, Leibsker & Moore LLC regarding motion for summary judgment 22 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hartsell, David) (Entered: 05/08/2015) |
| 05/14/2015 | 25 | MOTION by Defendant Blatt, Hasenmiller, Leibsker & Moore LLC for leave to file *Memorandum in Excess of 15-Page Limit Nunc Pro Tunc* (Attachments: # 1 Exhibit 1)(Hartsell, David) (Entered: 05/14/2015) |
| 05/14/2015 | 26 | NOTICE of Motion by David Luther Hartsell for presentment of motion for leave to file 25 before Honorable Elaine E. Bucklo on 5/21/2015 at 09:30 AM. (Hartsell, David) (Entered: 05/14/2015) |
| 05/20/2015 | 27 | MINUTE entry before the Honorable Elaine E. Bucklo: Defendant's Motion for leave to file memorandum in excess of 15-page limit nunc pro tunc 25 is granted. Responses to motion for summary judgment 19 , motion for summary judgment 22 due by 5/29/2015. Replies due by 6/5/2015. Ruling before Honorable Elaine E. Bucklo on 7/15/2015 at 9:30 AM. Mailed notice (jdh) (Entered: 05/20/2015) |
| 05/21/2015 | 28 | MEMORANDUM by Blatt, Hasenmiller, Leibsker & Moore LLC in support of motion for summary judgment 22 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hartsell, David) (Entered: 05/21/2015) |
| 05/27/2015 | 29 | RESPONSE by Plaintiff Ronald Oliva to Rule 56 statement 24 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Badwan, Mohammed) (Entered: 05/27/2015) |
| 05/27/2015 | 30 | RESPONSE by Ronald Oliva to MOTION by Defendant Blatt, Hasenmiller, Leibsker & Moore LLC for summary judgment 22 (Badwan, Mohammed) |

| | | |
|---|---|---|
| | | (Entered: 05/27/2015) |
| 05/29/2015 | 31 | RESPONSE by Blatt, Hasenmiller, Leibsker & Moore LLCin Opposition to MOTION by Plaintiff Ronald Oliva for summary judgment 19 (Hartsell, David) (Entered: 05/29/2015) |
| 05/29/2015 | 32 | RESPONSE by Defendant Blatt, Hasenmiller, Leibsker & Moore LLC to Rule 56 statement, 20 (Hartsell, David) (Entered: 05/29/2015) |
| 06/05/2015 | 33 | REPLY by Defendant Blatt, Hasenmiller, Leibsker & Moore LLC to motion for summary judgment 22 *in support thereof* (Hartsell, David) (Entered: 06/05/2015) |
| 06/05/2015 | 34 | RESPONSE by Defendant Blatt, Hasenmiller, Leibsker & Moore LLC to Response 29 *to Plaintiff's Local Rule 56.1(b)(3) Statement of Additional Facts* (Attachments: # 1 Exhibit Attachment - Case Info Summary)(Hartsell, David) (Entered: 06/05/2015) |
| 06/05/2015 | 35 | REPLY by Plaintiff Ronald Oliva to motion for summary judgment 19 (Badwan, Mohammed) (Entered: 06/05/2015) |
| 07/14/2015 | 36 | MEMORANDUM OPINION AND ORDER Signed by the Honorable Elaine E. Bucklo on 7/14/2015: Granting Defendant's motion for summary judgment 22 and denying Plaintiff's motion for summary judgment 19 . Status hearing set for 07/15/15 is stricken. Civil case terminated. Mailed notice (mw, ) (Entered: 07/14/2015) |
| 07/14/2015 | 🔒 | (Court only) ***Deadlines and hearings Terminated. (jdh) (Entered: 07/14/2015) |
| 07/14/2015 | 38 | ENTERED JUDGMENT. Mailed notice(sr, ) (Entered: 07/16/2015) |
| 07/16/2015 | 37 | BILL of Costs (Hartsell, David) (Entered: 07/16/2015) |
| 07/16/2015 | 39 | NOTICE of appeal by Ronald Oliva regarding orders 36 Filing fee $ 505, receipt number 0752-10874914. (Hector, Matthew) (Entered: 07/16/2015) |
| 07/16/2015 | 40 | DOCKETING Statement by Ronald Oliva regarding notice of appeal 39 (Hector, Matthew) (Entered: 07/16/2015) |
| 07/17/2015 | 41 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 39 . (ea, ) (Entered: 07/17/2015) |